USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:___
DATE FILED: 1/9/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
SONNY BERMUDEZ, :
: **OPINION AND ORDER**
Plaintiff, : **GRANTING IN PART AND**
-against- : **DENYING IN PART MOTION TO**
: **DISMISS**
BON SECOURS CHARITY HEALTH SYSTEM, :
INC., and THERESA KRELL. : 19 Civ. 7836 (AKH)
:
Defendants. :
:
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff Sonny Bermudez brings suit against his former employer and former supervisor under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq.* Defendants move to dismiss. For the reasons that follow, Defendants' motion is granted in part, and denied in part. Plaintiff may file an amended complaint in 10 days.

## BACKGROUND

Plaintiff began working as a Materials Coordinator for Defendant Bon Secours Charity Health System, Inc. ("BSCHS") in April 2012. In or around May 2014, Defendant Theresa Krell became his supervisor. Plaintiff alleges that Krell made sexual advances and comments to him.[1] He describes three specific incidents or patterns of conduct in the Complaint. First, in or around June 2017, Krell approached Plaintiff from behind and smacked him on his buttocks. Krell then stated, "If your wife were to find out, she would kick my ass." Second, in or around that same month, Krell approached Plaintiff from behind, reached one arm over

---

[1] All facts are taken from the complaint, ECF No. 3, and are taken as true for purposes of this motion. *See ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 93 (2d Cir. 2007).

Plaintiff's shoulder to grab supplies, placed her other hand around Plaintiff's waist, and rubbed her breasts from side to side against Plaintiff's back. Krell said, "If anyone saw this I would get fired, and if your wife found out, she would kick my ass." Third, on multiple occasions, when Krell saw Bermudez speaking to other women at work, Krell said, "Oooohhh, I am going to tell [Plaintiff's wife]!" Plaintiff fails to allege the dates of these comments. Due to fear of losing his job, Bermudez ignored Krell's advances and did not report them.

Plaintiff further alleges that after he ignored Krell's advances, Defendants created a hostile work environment. For example, between February and May 2018, Krell yelled at Plaintiff and used profane language in response to simple greetings, aggressively and falsely accused him of opening a sterile box using a box cutter, removed the shade from his office window, stored equipment and noxious chemicals in his office, and forced him to keep his office door closed while other employees were allowed to keep theirs open. BSCHS (through Krell or other employees) told him to produce certain reports on short notice without giving him access to or training in the system necessary to complete those reports and excluded him from a meeting he had regularly attended.

Between May and July 2018, Plaintiff requested multiple meetings with Human Resources and management personnel to discuss Krell's behavior. Only one meeting occurred, after which Defendants did not take any corrective action. On or about August 15, 2018, Plaintiff was suspended without pay after he was falsely accused of emailing confidential pricing information to his private email account. On September 17, 2018, he was terminated by Krell for allegedly forwarding confidential pricing information to his private email account.

Plaintiff claims that he "timely filed charges of discrimination" with the Equal Employment Opportunity Commission ("EEOC") but fails to state the date on which he filed the

2

charges.[2] After receiving a Notice of Right to Sue from the EEOC, Plaintiff filed the instant suit on August 21, 2019. He alleges gender-based discrimination in violation of Title VII against both Defendants ("Count I"), gender-based discrimination in violation of the NYSHRL, N.Y. Exec. L. § 296, against both Defendants ("Count II"); aiding and abetting discrimination in violation of the NYSHRL, N.Y. Exec. L. § 296(6), against Krell ("Count III"); and discrimination in the form of retaliation in violation of the NYSHRL, N.Y. Exec. L. § 296(7), against both Defendants ("Count IV").

## DISCUSSION

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### I. Title VII Claim Against Krell

First, the Title VII claim must be dismissed as to Defendant Krell. Plaintiff asserts Count I, his sole Title VII claim, against both BSCHS and Krell. It is well settled that "under Title VII individual supervisors are not subject to liability." *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003); *see also Littlejohn v. City of N.Y.*, 795 F.3d 297, 313 (2d Cir. 2015); *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000). Therefore, Count I, as asserted

---

[2] In support of their opposition to Plaintiff's motion to dismiss, Defendants introduced as an exhibit the form Plaintiff filed to bring the EEOC charges. ECF No. 16, Ex. B. The undated, unsigned form references Plaintiff's September 27, 2018 termination, so it was presumably filed after September 27, 2018.

3

against Krell, is dismissed. Count I survives against BSCHS, subject to curing the failures to allege dates for the relevant events noted in this order.

## II. Title VII Claim Against BSCHS

While Plaintiff fails to cite a specific provision of Title VII in the complaint, the complaint appears to invoke Title VII's prohibitions on sexual discrimination in the form of sexual harassment, *see* 42 U.S.C. § 2000e-2(a)(1), and retaliation, *see* 42 U.S.C. § 2000e-3.

### A. Hostile Work Environment

Title VII makes unlawful "discriminat[ion] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Under Title VII, sexual harassment may be cognizable as gender discrimination and has come to be analyzed under two general theories: *quid pro quo* and hostile work environment." *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 403 (S.D.N.Y. 2012). Plaintiff seeks to proceed under the latter theory. For sexual harassment to be actionable, "it must be sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'" *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) (quoting *Henson v. City of Dundee*, 682 F.2d 897, 904 (11th Cir. 1982)); *see also Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 175 (2d Cir. 2012). Plaintiff's factual allegations purportedly supporting his claim of a hostile work environment generally fall into two categories: Krell's sexual advances and/or comments and Defendants' mistreatment of Plaintiff after he ignored Krell's advances.

On two occasions in June 2017, Krell allegedly touched Plaintiff in a sexual manner and made accompanying comments. Defendants argue that these events in or around June 2017 are outside the applicable statute of limitations. "Before an individual may bring a

4

Title VII suit in federal court, the claims forming the basis of such a suit must first be presented in a complaint to the EEOC or the equivalent state agency. In addition, the claimant must make the EEOC filing within 300 days of the alleged discriminatory conduct and, before bringing suit, must receive a 'Notice of Right to Sue' letter from the EEOC." *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006). The alleged sexual touching occurred at least fifteen months before Plaintiff filed a charge with the EEOC, falling outside the 300-day time limit. *See supra* n.2.

Plaintiff argues that these incidents are part of a continuing violation, part of which occurred within the statute of limitations. "A charge alleging a hostile work environment claim . . . will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002). In making this assessment, the Court "make[s] an individualized assessment of whether incidents and episodes are related." *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 77 (2d Cir. 2010). "In deciding whether incidents of harassment and discrimination are sufficiently related, courts have considered factors such as (1) whether the timely and untimely harassment is of a similar nature, (2) whether the same individuals perpetuated the harassment, (3) the frequency and temporal proximity of the acts, and (5) [sic] whether the employer took any intervening remedial action." *Annunziata v. Int'l Bhd. of Elec. Workers Local Union # 363*, No. 15-CV-03363, 2018 WL 2416568, at *13 (S.D.N.Y. May 29, 2018).

In the context of a Rule 12(b)(6) motion, I am not able to find that the June 2017 incidents are not sufficiently related to incidents within the limitations period. Thus, I deny Defendant's motion, except as to deficiency in alleging dates, particularly the dates of Krell's

5

allegedly harassing comments and the date of Plaintiff's EEOC complaint. Plaintiff has leave to amend the complaint to remedy the deficiency. Courts have found the existence of a continuing violation where rejected sexual advances and resulting mistreatment occurred partially inside and partially outside the limitations period. *See Williams v. N.Y.C. Dep't of Educ.*, No. 19 Civ. 1353, 2019 WL 4393546, at *9-10 (S.D.N.Y. Aug. 28, 2019) ("[T]o the extent that these acts, taken together, form a pattern of sexually harassing activity (which is a single unlawful employment practice) arising out of Williams' rebuff of Rotondo's sexual advance, they are collectively actionable, and timely, as a single instance of gender discrimination by means of sexual harassment."); *Garcia v. N.Y.C. Health & Hosp. Corp.*, No. 15-CV-2119, 2016 WL 4097850, at *6 (S.D.N.Y. July 26, 2016) ("Plaintiff plainly alleges a single hostile work environment characterized by Lacayo's alleged sexual advances and harassing conduct.").

Defendants also argue that the alleged behavior is insufficiently severe or pervasive to sustain a claim of hostile work environment. Outside of the allegations of unwanted sexual touching, what remains are rude comments about Plaintiff's conversations with other women and workplace slights like exclusion from meetings, alterations to Plaintiff's office space, and unreasonable work requests. Without Defendants' answer and some discovery, I am unable to rule on this issue, and thus deny the motion. *Cf. Fleming v. MaxMara USA, Inc.*, 371 F. App'x 115, 119 (2d Cir. 2010) ("[Plaintiff] alleges that defendants wrongly excluded her from meetings, excessively criticized her work, refused to answer work-related questions, arbitrarily imposed duties outside of her responsibilities, threw books, and sent rude emails to her. These incidents do not support a finding of a hostile work environment that is pervasive or severe."); *Macias v. Barrier Free Living, Inc.*, No. 16 Civ. 1735, 2018 WL 1603566, at *8 (S.D.N.Y. Mar. 28, 2018) (gossip about plaintiff's purported sexual relationships with coworkers were not

6

sufficiently severe or pervasive to alter conditions of employment). *But see Redd v. N.Y. Div. of Parole,* 678 F.3d 166, 180 (2d Cir. 2012) ("Direct contact with an intimate body part constitutes one of the most severe forms of sexual harassment.").

### B. Retaliation

Title VII prohibits an employer from "discriminat[ing] against any of his employees . . . because he has opposed any practice made an unlawful employment practice by" Title VII. 42 U.S.C. § 2000e-3. "To make out a *prima facie* case of retaliation, a plaintiff must demonstrate that '(1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action.'" *Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (quoting *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012)).

The complaint sufficiently alleges that Plaintiff engaged in a protected activity. A plaintiff engages in protected activity when he opposes a practice that is prohibited by Title VII. *Robinson v. Time Warner, Inc.*, 92 F. Supp. 2d 318, 322 (S.D.N.Y. 2000). This includes not only the formal lodging of charges but also informal actions like internal complaints to management. *Id.* Plaintiff alleges that he met with BSCHS's Chief Operating Officer to discuss Krell's alleged discrimination. This was a protected activity under Title VII. Plaintiff's complaint to a corporate officer is also sufficient to establish knowledge on the part of BSCHS. *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 844 (2d Cir. 2013) ("[F]or purposes of a prima facie case, a plaintiff may rely on 'general corporate knowledge' of her protected activity to establish the knowledge prong of the prima facie case."). Plaintiff allegedly suffered at least two materially adverse employment actions: suspension without pay and termination. *See Edrisse v. Marriott*

7

*Int'l, Inc.*, 757 F. Supp. 2d 381, 390 (S.D.N.Y. 2010) ("Plaintiff suffered adverse employment actions first when he was suspended without pay and again when he was terminated." (internal citations omitted)).

Plaintiff alleges, however, that he was terminated in retaliation, not for engaging in the protected activity of complaining to his superiors, but because of the hostile work environment arising from Krell's sexual advances. *See* Compl. ¶¶ 41-43, 47. Nowhere does Plaintiff allege that Defendants suspended or terminated him with knowledge of his protected activity of making complaint. In the absence of a direct allegation of retaliatory animus or circumstantial evidence from which the court can infer retaliation, a retaliation claim must be dismissed.[3] *See LaSalle v. City of New York*, No. 13 Civ. 5109, 2015 WL 1442376, at *6-7 (S.D.N.Y. Mar. 30, 2015) (dismissing retaliation claim where complaint pointed to no direct or circumstantial evidence of causal connection between protected activity and adverse employment action); *Perry v. N.Y. Dep't of Labor*, No. 08 Civ. 4610, 2009 WL 2575713, at *6 (S.D.N.Y. Aug, 20, 2009) (dismissing retaliation claim where complaint failed to allege direct retaliatory animus, complaint failed to allege decision makers in adverse employment action were aware of protected activity, and gap between protected activity and adverse employment action was too large).

Plaintiff contends that he can cure this deficiency. He has leave to do so by amendment of his complaint.

---

[3] While a court may infer causation from temporal proximity, the three to four months between the protected activity and adverse employment actions here, standing alone, are insufficient to support such an inference. *See Jones v. N.Y.C. Bd. of Educ.*, No. 09 Civ. 4815, 2012 WL 1116906, at *14 (S.D.N.Y. Apr. 2, 2012) ("District courts in this circuit consistently have found that an intervening period of more than two to three months is insufficient to establish a causal connection through temporal proximity alone.").

### III. NYSHRL Claims

As both parties acknowledge, "[t]he standards for evaluating hostile work environment and retaliation claims are identical under Title VII and the NYSHRL." *Kelly*, 716 F.3d at 14. However, NYSHRL has a three-year statute of limitations. N.Y. CPLR 214(2); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996). Because Plaintiff has sufficiently alleged primary violations of the NYSHRL, his aiding and abetting claim against Krell will not be dismissed.

Since, at this point, I am not ready to dismiss the federal claim against BSCHS, I continue to exercise supplemental jurisdiction over the state law claims against both BSCHS and Krell. *Cf. Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006); *see also, e.g., Shi v. N.Y. Dep't of State*, 393 F. Supp. 3d 329, 343 (S.D.N.Y. 2019) (declining to exercise supplemental jurisdiction over NYSHRL claims after dismissing Title VII claims).

### IV. Damages

Defendants highlight, and Plaintiff acknowledges, that punitive damages and attorneys' fees are not available under the NYSHRL. *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 913 (2d Cir. 1997); *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 362 (S.D.N.Y. 2014). Nonetheless, both are available under Title VII. 42 U.S.C. §§ 1981a(b)(1), 2000e-5(k). I cannot hold at this stage that Plaintiff failed as a matter of law to allege that BSCHS acted with the malice or reckless indifference required to justify an award of punitive damages. Similarly, I cannot hold that Plaintiff insufficiently alleged emotional damages. Therefore, I will not strike Plaintiff's demands for punitive damages, attorneys' fees, or compensatory damages for emotional distress.

## CONCLUSION

Defendants' motion to dismiss is granted in part and denied in part, as indicated in this order. Plaintiff may file an amended complaint within 10 days from the date of this order. The parties shall exchange their files by 10 days thereafter, and appear for a conference on February 28, 2020, at 10:00 am to regulate depositions. The Clerk is directed to terminate the open motion (ECF No. 15).

SO ORDERED.

Dated: January 9, 2020
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge